### Steve Czernecki v. The State.

#### No. 3230.    Decided February 22, 1905.

**Theft of Cattle—Indictment—Proof—Variance—Bailment.**

Where the indictment charged that the bailment was that defendant should carry the cattle to a pasture and that the conversion occurred under this state of case, whereas the proof showed that the defendant carried the cattle to the pasture and sometime subsequently sold the animals to a butcher, the variance between the allegation and the proof is fatal.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. L. Bass* and *Leo Tarlton,* for appellant.—The rule is well established that the offense must be proven just as specifically and minutely as it is described in the indictment, and the authorities cited below sustain this proposition: Mevly v. State, 3 Texas Crim. App., 382; Watson v. State, 5 Texas Crim. App., 11; Hampton v. State, 5 Texas Crim. App., 463; Lancaster v. State, 9 Texas Crim. App., 393; Ex Parte Rogers, 10 Texas Crim. App., 655; Simpson v. State, 10 Texas Crim. App., 681; Moore v. State, 20 Texas Crim. App., 275; Nicholas v. State, 23 Texas Crim. App., 317.

And it is almost a platitude to repeat the familiar and elementary proposition of law that the allegata and probata must agree. White v.

State, 13 Texas, 133; Williams v. State, 1 Texas Crim. App., 90; Persons v. State, 3 Texas Crim. App., 240; Fore v. State, 5 Texas Crim. App., 251; Randle v. State, 12 Texas Crim. App., 250; Arcia v. State, 28 Texas Crim. App., 198.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given two years in the penitentiary upon conviction on indictment charging that "having possession of a certain cow and calf, then and there the property of D. L. Teahas, by virtue of an agreement by and between the said Steve Czernecki and D. L. Teahas, by the terms of which agreement the said Steve Czernecki, was to take said cow and calf to a pasture for the said D. L. Teahas, did then and there unlawfully and without the consent of the said D. L. Teahas, the owner thereof, fraudulently convert said cow and calf to his, the said Steven Czernecki's own use and with intent to deprive the said D. L. Teahas of the value of the same," etc. The contention is made that the court should have charged the jury to acquit on the ground of a variance between the allegations of the indictment and the evidence introduced. Special charge to this effect was requested and refused. The sufficiency of the evidence is also brought in question for the same reason. We think these contentions should have been sustained. The indictment charged that the bailment was to carry the cow and calf to a pasture, and that the conversion occurred under this state of case: whereas the evidence introduced shows that the two head of cattle had been carried to the pasture, and sometime subsequently appellant sold the cattle to a butcher. Under the allegation the bailment was confined to the fact of carrying the cattle to the pasture, and this, under said indictment, ended the contract. The proof shows that sometime afterwards the cattle were sold. If appellant was not only to carry the cattle to the pasture but was to take charge of and pasture them, and that before this contract had terminated, he sold the cattle, these facts should have been alleged in the indictment if that character of proof was relied upon. Under the allegations and proof there is a variance, for the alleged conversion occurred after the bailment as alleged had ended. The judgment is reversed and the cause remanded.

*Reversed and remanded.*